## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| UTGR, INC. d/b/a TWIN RIVER, <u>et al.</u>,[1] | ) | Case No. 09-12418 (ANV) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## ORDER (I) APPROVING DISCLOSURE STATEMENT, (II) ESTABLISHING RECORD DATE FOR VOTING ON PLAN OF REORGANIZATION, (III) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF, (IV) APPROVING FORMS OF BALLOTS AND MANNER OF NOTICE, (V) ESTABLISHING PROCEDURES FOR VOTING ON PLAN, AND (VI) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF PLAN

Upon the motion of the above-captioned debtors, as debtors and debtors in possession (collectively, the "<u>Debtors</u>") for the entry of an order (the "<u>Disclosure Statement Order</u>") (I) approving the Disclosure Statement,[2] (II) establishing a record date for the Holders of Claims to vote on the Plan, (III) approving the Solicitation Packages and procedures for the distribution thereof, (IV) approving the forms of Ballots and manner of notice, (V) establishing procedures for voting on the Plan, and (VI) scheduling a hearing and establishing notice and objection procedures for the confirmation of the Plan (the "<u>Motion</u>"), all as more fully set forth in the Motion; and the Bankruptcy Court having jurisdiction to consider the Motion; and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having filed with this Bankruptcy Court the Debtors' Disclosure Statement Pursuant to Chapter 11 of the Bankruptcy Code (the "<u>Disclosure Statement</u>"), and the Debtors' Joint Plan of

---

[1]    The Debtors in these chapter 11 cases are BLB Management Services, Inc., BLB Worldwide Holdings, Inc., and UTGR, Inc.

Reorganization Pursuant to Chapter 11 of the Bankruptcy Code (the "Plan"); and the Bankruptcy

Court having reviewed the Disclosure Statement, the Motion, the papers in support thereof, and

the responses thereto, if any; and the Bankruptcy Court having found and determined that the

legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

and that the relief requested in the Motion is in the best interests of the Debtors, their estates, and

creditors; and upon all of the proceedings had before the Bankruptcy Court; and after due

deliberation and sufficient cause appearing therefor; it is hereby ORDERED

1.      The Motion is granted in its entirety.

2.      The Disclosure Statement is hereby approved pursuant to section 1125 of the

Bankruptcy Code, as providing Holders of Claims entitled to vote on the Plan with adequate

information to make an informed decision as to whether to vote to accept or reject the Plan in

accordance with section 1125(a)(1) of the Bankruptcy Code.

3.      The deadline for each Ballot to be properly executed, completed, and delivered to

the Notice, Claims and Solicitation Agent by (a) first-class mail, (b) overnight courier, or

(c) personal    delivery    (the    "Voting    Deadline")    is    hereby    fixed    as    5:00    p.m.

(prevailing Eastern Time) on March 3, 2010.

4.      The Confirmation Hearing will be held on March 16, 2010 at 1:00 p.m.

(prevailing Eastern Time); provided, however, that the Confirmation Hearing may be adjourned

from time to time by the Court or the Debtors without further notice to parties other than an

announcement in Court at the Confirmation Hearing or any adjourned Confirmation Hearing;

provided, further, however, that notice of any such adjournments will be set forth on (a) the

Court's website at www.rib.uscourts.gov for registered users of the Public Access to Court

---

2      Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

Electronic Records (PACER) System, and (b) the Notice, Claims, and Solicitation Agent's website at www.donlinrecano.com/twinriver.

5.      Objections, if any, to confirmation of the Plan or proposed modifications to the Plan, if any, must (a) be in writing, (b) state the name and address of the objecting party and the amount and nature of the claim or interest of such party, (c) state with particularity the basis and nature of any objection to the confirmation of the Plan, and (d) be filed, together with proof of service, with the Court and served so that they are received no later than March 9, 2010 at 5:00 p.m. (prevailing Eastern Time) (the "Confirmation Objection Deadline") by (i) the Clerk of the Court, (ii) counsel for the Debtors, (iii) the U.S. Trustee, (iv) counsel to the Creditors' Committee, (v) counsel to the Administrative Agents for the First and Second Lien Lenders; (vi) counsel to the equity sponsors; (vii) counsel to those certain contractors who have asserted mechanic's liens against the Debtors; and (viii) those parties who have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").   Any objections to confirmation will be considered at the Confirmation Hearing.  Creditor attendance is not required, however, your presence would assist the Court if you wish to speak either in support of, or in opposition to, any of the matters before the Court.

6.      In the event that multiple objections to confirmation of the Plan are filed by the Confirmation Objection Deadline, the Debtors and any other party in interest are authorized to file a single, omnibus reply to such objections.

7.      In accordance with Local Bankruptcy Rule 3018-1, a written summary of ballots, either in the form provided as R.I. Bankr. Form I or in a similar form containing all of the information required in R.I. Bankr. Form I, shall be filed with the Court and sent to the U.S. Trustee no later than seven (7) calendar days prior to the Confirmation Hearing.

8.      The Debtors shall be excused from the proof of deposit requirement contained in Local Bankruptcy Rule 3020-1(b).

9.      An affidavit of service indicating that this Order has been timely mailed to all interested parties shall be filed with the Court no later than two (2) business days following the date in which the Court enters this Order.

10.      The Solicitation Procedures are incorporated herein by reference and form an integral and indivisible part of this Order, provide a fair and equitable voting process, and are consistent with section 1126 of the Bankruptcy Code.

11.      Ballots will be provided to holders of claims in Classes A-1, A-2, A-5, B-1, B-2, B-5, C-1, C-2, C-5, and C-6 (collectively, the "Voting Classes") because these claims are classified as being impaired by, and entitled to vote under, the Plan.

12.      The Ballots annexed to this Order as **Exhibit A** (a) are consistent with Official Form No. 14, (b) contain all of the information set forth in R.I. Bankr. Form J, (c) adequately address the particular needs of these Chapter 11 Cases, (d) are appropriate for each Class of Claims entitled to vote to accept or reject the Plan, and (e) comply with Bankruptcy Rule 3017(d).  The appropriate Ballots shall be distributed to holders of Claims in the Voting Classes.

13.      For any Holder of an Allowed Class C-5 Claim that elects to be treated as a Holder of a Convenience Claim in Class C-6 by electing to reduce its Class C-5 Claim to the amount of $2,500 in full and final satisfaction, release, and discharge of such Allowed Class C-5 Claim, such an election shall be treated for tabulation purposes as a Class C-6 Claim that has voted to accept the Plan.

14.      Ballots need not be provided to Holders of Interests in Class A-7 (the "Non-Voting Status-Impaired Class") because this class is classified as being impaired by the Plan and

is conclusively presumed to reject the Plan in accordance with section 1126(g) of the Bankruptcy Code.

15.    Ballots need not be provided to Holders of Claims and Interests in Classes A-3, A-4, A-6, B-3, B-4, B-6, B-7, C-3, C-4, C-7, and C-8 (collectively, the "Non-Voting Status-Unimpaired Classes") because these classes are classified as unimpaired by the Plan and are deemed to have accepted the Plan in accordance with section 1126(f) of the Bankruptcy Code.

16.    Pursuant to Bankruptcy Rule 3018(a), the record date for purposes of determining which Holders of Claims and Interests are entitled to receive Solicitation Packages and, where applicable, vote on the Plan shall be January 29, 2010 (the "Record Date"), three days after the scheduled commencement of the Disclosure Statement Hearing.  The Debtors shall specify the Record Date in the Confirmation Hearing Notice.  Only Holders of Claims as of the Record Date shall be entitled to vote to accept or reject the Plan.

17.    The period during which the Debtors may solicit votes to accept or reject the Plan, as established by this Order, provides sufficient time for creditors to make informed decisions to accept or reject the Plan and submit timely Ballots to the Notice, Claims, and Solicitation Agent.

18.    The contents of the Solicitation Packages comply with Bankruptcy Rules 2002 and 3017, constitute sufficient notice to all interested parties in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules and are thus hereby approved.

19.    The Confirmation Hearing Notice, substantially in the form annexed hereto as **Exhibit B** and incorporated herein by reference, setting forth (a) the Voting Deadline, (b) the time fixed for filing objections to confirmation of the Plan, and the manner in which such objections shall be filed, and (c) the time, date, and place for the Confirmation Hearing, provides adequate notice of the Confirmation Hearing and, accordingly, is hereby approved.

20.     The Disclosure Statement (including all applicable exhibits thereto) provides Holders of Claims, Holders of Interests, and other parties in interest with sufficient notice of the injunction, exculpation, and release provisions contained in Article X of the Plan (including the third-party release set forth in Article X.D of the Plan), in satisfaction of the requirements of Bankruptcy Rule 3016(c).

21.     The Disclosure Statement Hearing Notice, attached hereto as **<u>Exhibit C</u>** and incorporated by reference herein, filed by the Debtors and served upon parties in interest in these Chapter 11 Cases on December 16, 2009, constitutes adequate and sufficient notice of the hearing to consider approval of the Disclosure Statement, the manner in which a copy of the Disclosure Statement (and exhibits thereto, including the Plan) can be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules, and is hereby approved.

22.     The Solicitation Procedures, annexed hereto as **<u>Exhibit D</u>** and incorporated by reference herein, set forth procedures for the Debtors to solicit, receive, and tabulate votes to accept the Plan and are hereby approved in their entirety; <u>provided</u>, <u>however</u>, that the Debtors reserve the right to amend or supplement the Solicitation Procedures set forth in the Motion where, in the Debtors' best judgment, doing so would better facilitate the solicitation process.

23.     The Debtors are authorized to distribute the Solicitation Packages without the Plan Supplement and are directed to file the Plan Supplement with the Bankruptcy Court and serve the Plan Supplement on:  (a) the U.S. Trustee; (b) applicable local, state, and federal regulatory entities; (c) counsel to the Administrative Agents for the First and Second Lien Lenders; (d) counsel to the equity sponsors; (e) counsel to those certain contractors who have

asserted mechanic's liens against the Debtors; (f) the Internal Revenue Service; (g) the Securities and Exchange Commission; (h) counsel to the Creditors' Committee; (i) all parties who have submitted a written demand against the Debtors; and (j) all other parties in interest that have filed requests for notice pursuant to Bankruptcy Rule 2002 in the Debtors' Chapter 11 Cases.  After it is filed, the Plan Supplement will be available for review at www.donlinrecano.com/twinriver.

24.    With respect to Holders of Claims and Interests not entitled to vote to accept or reject the Plan pursuant to sections 1126(f) or 1126(g) of the Bankruptcy Code, the Debtors shall mail the appropriate Notice of Non-Voting Status, substantially in the forms of **Exhibit E** and **Exhibit F**, respectively, annexed to this Order; provided, however, that the Notices of Non-Voting Status shall provide that a copy of the Plan and Disclosure Statement may be viewed at www.donlinrecano.com/twinriver, or obtained free of charge by contacting the Notice, Claims, and Solicitation Agent at (212) 771-1128.

25.    With respect to Holders of Disputed Claims, the Debtors shall mail the Disputed Claim Notice substantially in the form of **Exhibit G**, annexed to this Order; provided, however, that the Disputed Claim Notice shall state that a copy of the Plan and Disclosure Statement may be viewed at www.donlinrecano.com/twinriver, or obtained free of charge by contacting the Notice, Claims, and Solicitation Agent at (212) 771-1128.

26.    With respect to counterparties to executory contracts or unexpired leases with one or more of the Debtors that have not been assumed or rejected as of the Record Date, the Debtors shall mail the Notice to Contract-Lease Parties substantially in the form of **Exhibit H**, annexed to this Order; provided, however, that the Notice to Contract-Lease Parties shall provide that a copy of the Plan and Disclosure Statement may be viewed at www.donlinrecano.com/twinriver,

or obtained free of charge by contacting the Notice, Claims, and Solicitation Agent at (212) 771-1128.

27.     With respect to entities at Undeliverable Addresses, the Debtors are excused from distributing Solicitation Packages to those entities unless the Debtors are able, using reasonable efforts, to obtain an accurate address for such entities before the Solicitation Date, and failure to distribute Solicitation Packages to such entities will not constitute inadequate notice of the Confirmation Hearing, the Voting Deadline, or a violation of Bankruptcy Rule 3017(d).

28.     The Debtors are authorized to make non-substantive changes to the Disclosure Statement, Plan, Ballots, Confirmation Hearing Notice and related documents, and, upon doing so, shall subsequently file an errata sheet with the Court.  These non-substantive changes shall include changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Package prior to their distribution.

29.     The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of, and the relief granted in, this Order without seeking further order of the Court.

30.     All time periods set forth herein shall be calculated in accordance with Bankruptcy Rule 9006(a).

31.     The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

32.     Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and

enforceable upon its entry.

Dated:  January 28, 2010
        Providence, Rhode Island

_____
Arthur N. Votolato
United States Bankruptcy Judge

Entered on Docket: 1/28/2010

# EXHIBIT A

**Ballots**

## **EXHIBIT B**

**Confirmation Hearing Notice**

## EXHIBIT C

**Disclosure Statement Hearing Notice**

## EXHIBIT D

**Solicitation Procedures**

## **EXHIBIT E**

**Notice of Non-Voting Status-Unimpaired Classes**

## EXHIBIT F

**Notice of Non-Voting Status-Impaired Class**

## **EXHIBIT G**

**Disputed Claims Notice**

## **EXHIBIT H**

**Notice to Contract-Lease Parties**